HERNÁNDEZ, PETITIONER, *v.* HUTCHISON, DISTRICT JUDGE, RESPONDENT.

PETITION for a Writ of *Certiorari* to the Judge of the District Court of Mayagüez in a Proceeding to Secure the Effectiveness of Judgment in an Action for Damages for Libel.

No. 128.—Decided July 20, 1914.

CERTIORARI—ATTACHMENT—JURISDICTION.—According to section 1 of the Act of March 1, 1902, to secure the effectiveness of judgments, as amended by the Act of March 12, 1903, the attachment should be applied for before final

judgment is rendered by the trial court and said court lacks jurisdiction to grant the same after the rendition of final judgment. Said proceeding may be reviewed on a writ of *certiorari*.

FINAL JUDGMENT—ATTACHMENT.—Pursuant to the Act of March 1, 1902, a final judgment, in its bearing upon an attachment for the effectiveness of judgment, is that rendered by the court having original jurisdiction of the case.

The facts are stated in the opinion.

The petitioner appeared *pro se.*

The respondent did not appear.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On July 2, 1914, Agustín Hernández Mena filed a petition in this court *pro se* for a writ of *certiorari* to the judge of the District Court of Mayagüez to command him to send up the original record in the civil action No. 3956 brought by José Benet Colón against the said Hernández Mena to recover an indemnity for damages, praying that after reviewing the proceedings this court set aside the order made by H. M. Hutchison as judge of the said court of Mayagüez on May 15, 1914, at the instance of the plaintiff, José Benet, directing the secretary to issue a writ of attachment to the marshal against the property of the defendant, Hernández Mena, to secure the effectiveness of judgment, and likewise vacate the writ of attachment issued to the marshal and release the attachment levied by him on June 22, 1914, under the order referred to.

The writ of *certiorari* having been issued, the original record of said case No. 3956 was brought up to this court and it shows the following:

*First.* That an action having been brought by José Benet Colón against Agustín Hernández Mena for the recovery of $45,000 as an indemnity for damages for defamatory libel, an order was entered in the District Court of Mayagüez on February 4, 1913, at the instance of the plaintiff granting an attachment to secure the effectiveness of the judgment which might be rendered in the case against property of the defend-

ant, Hernández Mena, in an amount sufficient to cover $5,000 of·the amount claimed plus $700 for costs, disbursements, and attorney's fees, the plaintiff being required to give bond for the sum of $3,000.

*Second.* That after the filing of the required bond, in order to execute the said order the secretary issued a writ to the marshal, who executed the same on February 18, 1914, by attaching certain properties belonging to Hernández Mena.

*Third.* That in the action brought by Benet Colón against Hernández Mena judgment was rendered by the District Court of Mayagüez on October 31, 1913, adjudging that the defendant pay to the plaintiff the sum of $2,000 as an indemnity for damages, without special imposition of costs, from which judgment the defendant appealed to this court pending the approval of the statement of the case presented by the appellant.

*Fourth.* That on May 15, 1914, on motion by the plaintiff, the District Court of Mayagüez, by its judge, H. M. Hutchison, ordered the secretary to issue a new writ to the marshal commanding him to attach sufficient property belonging to the defendant to cover the aforesaid amount to secure the effectiveness of the judgment. It does not appear that that order was executed.

The proceedings followed by the District Court of Mayagüez for the purpose of securing the effectiveness of the judgment in the action of José Benet Colón against Agustín Hernández Mena for an indemnity for damages being recited, and said proceedings having been examined in relation to the statute applicable to the case—namely, the Act of March 1, 1902, as amended by the Act of March 12, 1903—we are of the opinion that the District Court of Mayagüez lacked jurisdiction to make the order of May 15, 1914, the setting aside of which, as well as of the proceedings for its execution, is prayed for in the petition filed by Hernández Mena.

In deciding the case of *Bolivar* v. *Aldrey, District Judge,* on·April 29, 1907, we laid down the doctrine that the act ap-

proved March 12, 1903, entitled "An Act to amend the act entitled 'An Act to secure the effectiveness of judgments,' approved March 1, 1902;" dispelled all doubt which might have existed as to the proper time for applying for an attachment to secure the effectiveness of judgment, for section 1 thereof provides in clear and precise terms that the petition for such attachment may be presented when the complaint is filed or at any stage of the proceedings before final judgment, and as a final judgment, as we then said, should be understood to be a judgment rendered in an action or special proceeding by the court before which it was brought, the necessary conclusion is that final judgment having been rendered in the case of Benet Colón against Hernández Mena when the order for the attachment to secure the effectiveness of the judgment was entered on May 15, 1914, the said order is null and void.

The present case is similar to that of *Bolívar* v. *Aldrey,* 12 P. R. R., 216, already cited and to which we refer.

For the foregoing reasons the order made by the District Court of Mayagüez on May 15, 1914, relative to securing the effectiveness of judgment, is set aside and all the proceedings incident to the said order are null and void.

*Petition granted and order set aside.*

Justices Wolf, del Toro and Aldrey concurred.

Mr. Justice Hutchison took no part in the decision of this case.